## KAY v. FEDERAL RUBBER CO. et al.
### No. 4526.

Circuit Court of Appeals, Third Circuit.
Dec. 3, 1930.

Elston C. Cole, of Philadelphia, Pa., for appellant.

Harry L. Jenkins, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, District Judge.

This is a petition for the allowance of an appeal from, and for supersedeas of, an order entered by Judge Kirkpatrick of the District Court for the Eastern District of Pennsylvania on October 24, 1930, denying the motion of the alleged bankrupt to dismiss the petition in bankruptcy and granting leave to the petitioning creditors to amend the said petition. This application properly comes under section 24b of the Bankruptcy Act (11 USCA § 47(b). The case was as fully argued as upon appeal. The question whether or not the appeal should be allowed involves the same considerations as the question whether the order of the District Court should be affirmed or reversed.

The motion on behalf of the appellant to dismiss the petition in bankruptcy was based upon the following contentions:

First. That the debt or liability of the bankrupt to one of the petitioning creditors consists of certain trade acceptances of the bankrupt, but that the petition does not aver that demand for payment was made and refused, and that therefore the petitioning creditor in question had not a provable debt.

Second. That the first and second acts of bankruptcy are alleged in the petition in the language of the Bankruptcy Act without giving any details thereof or giving any rea-

sons for such omissions. The acts of bankruptcy alleged are the conveyance, transfer, concealment, or removal of property with intent to hinder, delay, and defraud creditors, and the transfer, while insolvent, of property to certain creditors with intent to prefer them over other creditors.

Third. That the verification to the petition in bankruptcy of one Willis Bacon as attorney for the Federal Rubber Company made on April 12, 1930, sets out that he has power of attorney for the Federal Rubber Company, whereas the power of attorney later filed with the petition to amend is dated April 14, 1930 (which was the date of the filing of the petition).

It is contended that the District Judge erred in denying the alleged bankrupt's petition to dismiss the petition in bankruptcy and in allowing a petition to amend, the amended petition setting forth the particulars of the acts of bankruptcy in detail, the details having been procured through information obtained upon an examination of the bankrupt under section 21(a), and the alleged acts of bankruptcy having been committed more than four months prior to the filing of the petition to amend.

Taking up the first contention, section 63a(1) of the Bankruptcy Act, 11 USCA § 103(a)(1), includes among the debts of the bankrupt which may be proved and allowed against his estate "a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not." The fact, therefore, that the trade acceptances were not payable until a future date, is immaterial. A claim to be provable need not be presently allowable. In re Rothenberg (D. C.) 140 F. 798; In re McGowan (D. C.) 134 F. 498, 14 A. B. R. 209. It is only necessary in this case that the holder may prove his claim after the maturity of the trade acceptances.

[2, 3] The fact that the acts of bankruptcy were set out merely in the language of the Bankruptcy Act is no ground for dismissing the petition. The petitioning creditors may be required on motion to set out the facts on which the alleged acts of bankruptcy are based, and, if they fail to do so, the petition may be dismissed. But here the petitioners have offered, and petitioned for leave, to amend by setting the acts out in full detail.

Although the power of attorney to Willis Bacon in behalf of the Federal Rubber Company was not in existence at the date of his verification of the petition as its attorney, namely, April 12, 1930, it was, as appears by the copy thereof attached to the petition to amend, executed on April 14, 1930, which was the date of filing the petition in bankruptcy. There is nothing in the record to show that Bacon acted in bad faith in signing the petition on behalf of the Federal Rubber Company; and the power was in existence on the essential date, that is, that of the filing of the petition; therefore his verification was ratified by the rubber company.

As to the objection to the allowance of the amendment setting out the details of the acts of bankruptcy on the ground that the information was obtained through an examination under section 21a of the act (11 USCA § 44(a), and that such use of the information thus obtained should not have been allowed by the District Judge because the act allows the examination to be had "concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under the provisions of this title," we think the general question of the broad discretion vested in the judge to allow amendments to a petition in bankruptcy under somewhat similar circumstances is exemplified in the case of Hark et al v. C. M. Allen Company, 146 F. 665, where Judge Gray delivered the opinion of this court. In the original petition, the act of bankruptcy alleged was the removal, transfer, and concealment of property with intent to hinder, delay, and defraud creditors. The alleged bankrupts demanded a jury trial, and at the trial there was evidence on their behalf that they had disposed of their merchandise and cash by transferring it to certain creditors in payment of debts alleged to be due to them. After verdict, a new trial was granted. The petitioning creditors then moved to amend the petition by setting out, as an act of bankruptcy, the transfer of the property to certain creditors with intent to prefer them over their other creditors. This amendment was allowed by Judge Holland (D. C.) 142 F. 279. On appeal, Judge Gray held that the trial judge was clearly justified in setting aside the verdict, as the act of bankruptcy was not proven as alleged, that is, with intent to hinder, delay, and defraud creditors, and that the allowance of an amendment alleging the transfer with intent to prefer creditors was a proper exercise of the discretion of the judge of the District Court. If, therefore, information obtained at a jury trial months after the petition was filed may be made available to ascertain the real facts and base

amendments thereon, there seems to be no good reason why, in the interests of justice and in the exercise of the broad discretion allowed in making amendments, the information obtained under section 21a should not also be available for that purpose.

Our opinion, therefore, is that there was no abuse of discretion in allowing the amended petition to be filed and no ground for dismissing the petition, and that therefore the appeal should be disallowed.

Petition for appeal dismissed.