**In re PEARL COAL CO.**

No. 7338.

Circuit Court of Appeals, Third Circuit.

Oct. 9, 1940.

Maurice V. Cummings, of Scranton, Pa. (Bennett E. Siegelstein and Archibald Palmer, both of New York City, of counsel), for appellants.

J. Julius Levy, of Scranton, Pa., for bankrupt.

J. D. Reifsnyder and Stark, Bissell & Reifsnyder, all of Scranton, Pa., for petitioning creditors.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from an order of the District Court of the United States for the Middle District of Pennsylvania, dismissing the petition of the appellants to vacate the adjudication in bankruptcy entered in the Matter of the Pearl Coal Company. The petitioners base their attack upon two grounds. But since, in our opinion, a determination of what we regard as the main question disposes of the case, that question will be discussed first. The appellants attack the petition upon which the adjudication in bankruptcy was made for a defect which they urge invalidates the entire proceedings. An involuntary petition of bankruptcy was filed February 4, 1939, on behalf of four creditors of the Pearl Coal Company. Two were partnerships, one was a corporation and one an individual doing business under a trade name. None of these creditors signed the petition individually. It was signed on their behalf, pursuant to oral authority, by the law firm representing them and the verification was signed by a member of that firm as authorized attorney-in-fact of the creditors. An order of adjudication was entered upon this petition on February 21, 1939.

The appellants contend that the petition was defective because the authority of the attorney-in-fact had to be in writing and, furthermore, the petition did not state, on its face, the reason why the petitioning creditors did not themselves execute it.

In general, one would expect to find that the execution of a petition in bankruptcy is one of the things which a petitioner might do through an agent as effectively as by himself. Not all acts having legal effect can be done by an agent, but a very great many can be. In general, an agent's authority does not need to be shown in any specified fashion. "Except for the execution of instruments under seal or for the performance of transactions required by statute to be authorized in a particular way, authority to do an act may be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account." Restatement, Agency § 26. Proceedings in bankruptcy constitute no exception to this general rule. Judge Sanborn said in Re Gasser, 8 Cir., 1900, 104 F. 537, 538: "Proceedings in bankruptcy are in the nature of a suit in equity, the ultimate relief in which is the distribution of the unexempt property of the bankrupt among his creditors, and the discharge of the bankrupt. All the proceedings are either in or under the direction of the United States district court. The appearance in court of an attorney at law licensed to practice there carries with it the presumption of authority to appear and act for his client in the proceeding in which he seeks to represent him. His mere appearance is prima facie evidence that he is duly authorized to represent and act for his client, and this presumption is conclusive in the absence of countervailing evidence." See, also, Rodgers v. Bromberg, 5 Cir., 1931, 53 F.2d 723, 724.

Is there anything peculiar about the nature of a petition in bankruptcy which requires a special kind of authorization or any special form of allegation by the attorney if he verifies the petition on behalf of the petitioning client? On the contrary, there is ample authority to the effect that a petitioning creditor's name may be signed by his duly authorized agent and that the verification might be made by the attorney representing the creditor if he has knowledge of the facts verified. Kay v. Federal Rubber Co., 3 Cir., 1930, 46 F.2d 64; Rogers v. De Soto Placer Min. Co., 9 Cir., 1905, 136 F. 407; In re Herzikopf, D.C.Cal.,1902, 118 F. 101; In re Hunt, D.C.Iowa,1902, 118 F. 282; In re Vastbinder, D.C.M.D.Pa., 1903, 126 F. 417, 418; Matter of Miles Paint Mfg. Co., D.C.M.D.Pa., 1914, 32 A.B.R. 794. See, also, In re Cox Baking Co., Inc., 2 Cir., 1935, 77 F.2d 294.

In some instances the proposition has been hedged about by cautionary language. Thus Judge Witmer in Matter of Miles Paint Mfg. Co., supra, suggests that the practice of signing petitions by attorneys for their clients is not to be tolerated unless a good and sufficient reason is made to appear affirmatively in the affidavit to the petition. See, also, the cautious language in Kay v. Federal Rubber Co. and Rogers v. De Soto Placer Min. Co., supra.

This qualification was discussed in the opinion of the court below. The learned trial judge, accepting the proposition that it should be made to appear that there is good reason for the attorney signing instead of the creditor, discovered sufficient good reason in the emergency which was found, in fact, to exist in this instance. He pointed out further that, in his judgment, it is sufficient that the good reason be proved when authority to sign is questioned and that it does not need to appear in the petition. The learned referee to whom the District Judge referred certain definite questions did find that the authority to make the affidavit existed prior to the filing of the original petition.

 We agree with the learned trial judge that this is sufficient to uphold the validity of the petition. We also believe that the verification by the attorney is sufficient without showing the existence of an emergency and that the authority does not need to be in writing if, in fact, it existed. The general rule both as to appointment of agents and the position of the lawyer in bankruptcy proceedings is set out in quotations given above. That the general rule is applicable to petitions in bankruptcy seems perfectly clear in examination of the following sections of the Bankruptcy Act as amended in 1938:

§ 59, sub. b, 11 U.S.C.A. § 95, sub. b: "b. Three or more creditors who have provable claims fixed as to liability and liquidated as to amount against any person which amount in the aggregate in excess of the value of securities held by them, if any, to $500 or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt."

§ 1, sub. 24, 11 U.S.C.A. § 1, sub. 24: "(24) 'Petition' shall mean a document filed in a court of bankruptcy or with a clerk thereof by a debtor praying for the benefits of this title, or by creditors alleging the commission of an act of bankruptcy by a debtor therein named."

§ 1, sub. 11, 11 U.S.C.A. § 1, sub. 11: "(11) 'Creditor' shall include anyone who owns a debt, demand, or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy."

Our conclusion is that this petition was sufficient in form and that the conclusion by the learned referee that the authority of the attorney-in-fact did exist, which finding is not attacked, clinches the matter.

The petition in bankruptcy alleged the commission of the first, second, fourth and sixth acts of bankruptcy. No answer was filed and the adjudication of February 21, 1939, followed. The appellants attack the authority of the persons who purported to act as directors of the Pearl Coal Co. in passing the resolution which admitted inability to pay debts and willingness to be adjudged a bankrupt. Both 1 Remington on Bankruptcy, 4th Ed., § 176, and 1 Collier on Bankruptcy, 14th Ed., p. 493, state that de facto directors have power to adopt such a resolution. See, also, referee's decision in Matter of Riley, Talbot & Hunt, 1905, 15 A.B.R. 159. This is an interesting question, but for the determination of this case it is unnecessary to go into it. The petition alleged other acts of bankruptcy which were sufficient to sustain the adjudication entered thereon on February 21, 1939.

The order of the District Court dismissing the petition of the appellants is affirmed.