In the Matter of PAUL A. CLOSKEY, INC., Alleged Bankrupt,

Paul A. Closkey, Inc., Appellant.

No. 16636.

United States Court of Appeals

Third Circuit.

Argued Feb. 19, 1968.

Decided March 28, 1968.

Walter C. Wright, Jr., Cape May, N. J., for appellant.

Samuel P. Orlando, Orlando & Cummins, Camden, N. J., for appellee.

M. E. Maurer, Wexler, Mulder & Weisman, Arthur Dennis, Philadelphia, Pa., for petitioning creditors.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

An involuntary petition was filed on January 6, 1967 against the appellant bankrupt charging it with making preferential payments within the four preceding months. The appellant filed an answer alleging solvency and denying the charged preferential payments. Thereafter, it, in succession, demanded a jury trial; waived its demand by stipulation of counsel, and then repudiated the stipulation. The District Court reinstated the jury trial demand.

■ The issues presented at the ensuing trial were the solvency of the bankrupt and the mooted preferential payments. The bankrupt did not produce its books and records for examination as to its financial condition and business transactions as it was required to do under Section 3(d) of the Bankruptcy Act, 11 U.S.C.A. § 21(d), and this failure placed the burden of proving solvency on the bankrupt. After both sides had rested, the District Court directed the jury to find in favor of the petitioning creditors and against the bankrupt on its view that the latter had failed to discharge its burden of proof as to solvency and to rebut the evidence as to the preferential payments. This appeal followed.

■ Upon review of the record we cannot say that the District Court erred in its direction to the jury. The bankrupt's contention that the bankruptcy petition should have been dismissed by the District Court because it did not specifically alleged that the bankrupt was insolvent is without merit. Such an allegation is not required under Section 3(b) of the Bankruptcy Act, 11 U.S.C.A. § 21 (b). Bookey v. King, 236 F.2d 871 (9 Cir. 1956). The bankrupt's further contention that the Bankruptcy Act provides that the petition shall be executed by the petitioning creditors is without basis. We specifically ruled in the Matter of Eastern Supply Company, 267 F.2d 776 (3 Cir. 1959), and see, too, In re Pearl Coal Co., 115 F.2d 158 (3 Cir. 1940), that an involuntary petition in bankruptcy, signed by an attorney representing creditors, pursuant to oral authority, instead of by creditors individually, and verified by the attorney as authorized attorney of the petitioning creditors, is valid under the Bankruptcy Act. In the instant case the stated requirements were satisfied.

Other contentions advanced by the bankrupt are frivolous and do not merit discussion.

For the reasons stated the Judgment entered pursuant to the District Court's Order will be affirmed.