In re SARAH ALLEN HOME, INC., a Pennsylvania non-profit Corporation, a/k/a Sarah Allen Nursing Home and Sarah Allen Home for the Aged, Bankrupt.

Lucy Hawks HAREWOOD et al., Plaintiffs,

v.

The SARAH ALLEN HOME FOR the AGED, INC., and its Board of Directors: Nathaniel Thigpen, Charles A. Thrall, John Petit: Samuel M. Brodsky, Trustee in Bankruptcy, Defendants.

Bankruptcy No. 79–1805EG.

United States Bankruptcy Court, E. D. Pennsylvania.

June 26, 1980.

Suzanne Reilly, Community Legal Services, Inc., Philadelphia, Pa., for Lucy Hawks Harewood et al., plaintiffs.

Busch & Schramm, Bala Cynwyd, Pa., for Sarah Allen Home for the Aged, Inc., et al., defendants.

Wexler, Weisman, Maurer & Forman, P. C., Philadelphia, Pa., for Samuel M. Brodsky, Trustee, Sarah Allen Home, Inc., defendant.

Henry J. Sommer, Community Legal Services, Philadelphia, Pa., for Thomas R. Maya, Margaret A. Maya, Florence Ade.

Joshua Z. Goldblum, Bucks County Legal Aid Society, Langhorne, Pa., for John Schuyler Poulterer and Marguerite Poulterer, Terry Lee Blair and Deborah Ann Blair, a/k/a Deborah Ann Hanyecz.

Michael Donahue, Delaware County Legal Assistance, Darby, Pa., for Mary Helen Murray, Jerome & Maureen Capizzi.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether an indigent party who brings an adversary complaint in a pending bankruptcy proceeding, under either the Bankruptcy Act ("the Act") or the Bankruptcy Code ("the Code"), may proceed without the payment of filing fees, that is, *in forma pauperis*. For the reasons given below, we conclude that such a party, who satisfies the normal requirements for *in forma pauperis* status, may so proceed under both the Act and the Code.

This issue was raised by the recent filings of an adversary proceeding under the Act and of numerous adversary proceedings under the Code which were accompanied by

motions to proceed *in forma pauperis.*[1] The issue being of some importance, we combine the cases for the purposes of argument and opinion on the *in forma pauperis* issue. The relevant facts of the cases are briefly:[2] In the adversary proceeding filed under the Act, the plaintiffs are asserting that the bankrupt is holding moneys which belong to them. In all of the adversary proceedings filed under the Code, the plaintiffs are debtors who are seeking, through adversary proceedings, to avoid liens pursuant to section 522(f) of the Code, on property which they are claiming as exempt under section 522(b) and (d) of the Code.

1. *In Forma Pauperis Proceedings Under the Act.*

Under the Act there was no specific provision for allowing parties to proceed *in forma pauperis* in any bankruptcy case or proceeding. The United States Supreme Court addressed a part of this issue in *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), holding that the Act contained no provision for the waiver of the fee imposed for the filing of a petition in bankruptcy and that 28 U.S.C. § 1916(a), which is the provision for filing of a suit *in forma pauperis* in any court of the United States, was not applicable to bankruptcy proceedings under the Act.[3] The *Kras* court also held that the requirement that the fee for filing the bankruptcy petition be paid before a discharge could be granted was not a denial of due process or of the

equal protection of the laws so as to be unconstitutional.[4]

We believe that the case under the Act, which is before us now, is distinguishable from *Kras.* In *Kras,* it was the right to a discharge which the Supreme Court held was not a fundamental right entitled to due process of law under the Constitution.[5] In the instant case, however, the plaintiffs are seeking to protect their property through an adversary proceeding, and clearly, the deprivation of property without due process is unconstitutional.[6] Further, if the plaintiffs are not permitted to proceed with their complaint in this court, they will be unable to protect that property interest in any forum since the automatic stay provisions of the Act prohibit them from taking any action against the bankrupt or its property during the pendency of the bankruptcy.[7] In this respect, the case is similar to *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In *Boddie,* the United States Supreme Court held that, because the only way a person could get a legal divorce was in a state court and because the marital relationship was so basic to our society, it was a denial of due process for the state to deny access to its courts merely because a person could not pay the required fees.[8]

Therefore, we conclude that to deny an indigent person the right to come before this court to protect his property simply because he cannot afford to pay the filing fees is an unconstitutional deprivation of

---

1. The other cases presently before us and also embraced by this opinion are: *Maya v. Public Consumer Discount Co.,* Adv. No. 80–0123G; *Poulterer v. Blazer Finance Co.,* Adv. No. 80–0150G; *Poulterer v. Finance America Corp.,* Adv. No. 80–0151G; *Murray v. Beneficial Financial System,* Adv. No. 80–0231G; *Murray v. Credit Thrift of America,* Adv. No. 80–0232G; *Ade v. American Finance Corp.,* Adv. No. 79–0038G; *Capizzi v. Pennsylvania Dep't of Public Welfare,* Adv. No. 80–0271G; *Blair v. Ritter Consumer Discount Co.,* Adv. No. 80–0289G; *Blair v. Household Finance Corp.,* Adv. No. 80–0290G; *Blair v. Beneficial Finance Systems,* Adv. No. 80–0291G.

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

3. 409 U.S. at 439–40, 93 S.Ct. at 634–35.

4. *Id.* at 443–50, 93 S.Ct. at 636–40.

5. *Id.* at 445, 93 S.Ct. at 637.

6. The Fifth Amendment to the Constitution of the United States provides that no one shall "be deprived of life, liberty, or property, without due process of law."

7. *See* 11 U.S.C. §§ 29a, 35c(4), & 32f(2) (1978). *See also,* Rules 401 and 601 of the Rules of Bankruptcy Procedure.

8. 401 U.S. at 374–83, 91 S.Ct. at 784–89.

due process, as well as a denial of equal protection of the laws.[9] Consequently, we will allow the filing of an adversary complaint *in forma pauperis* in any bankruptcy proceeding commenced under the Act where the complaint deals with an interest in property and the party has made a proper showing of indigency.

2. *In Forma Pauperis Proceedings Under the Code.*

Under the Bankruptcy Reform Act of 1978 which enacted the Code, Congress did provide for the filing of an adversary complaint *in forma pauperis*, while retaining the holding of *Kras* by prohibiting the filing of a petition for relief *in forma pauperis*. Congress accomplished this by adding section 1930 to Title 28 of the United States Code ("Title 28"). That section provides, in part:

§ 1930. *Bankruptcy courts*

(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 [the Bankruptcy Code] shall pay to the clerk of the bankruptcy court the following filing fees:

. . . . .

(b) The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.[10]

The fee for the filing of an adversary complaint is that prescribed by the Judicial Conference pursuant to section 1930(b) above.[11] We conclude that Congress clearly intended that this fee might be waived under section 1915(a) because, first, section 1930(b) does not include the "notwithstanding section 1915(a)" language and, second, section 1930(b) authorizes the Judicial Conference to prescribe fees of the same kind as it prescribes under section 1914(b)[12] and the fees prescribed under that section may be waived under section 1915(a).

Section 1915(a) governs the filing of suits *in forma pauperis* and states in part:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.[13]

However, section 451 of Title 28 defines "court of the United States" for the purposes of that title and that definition does not, at present, include bankruptcy courts.[14] While the Bankruptcy Reform Act of 1978 did amend section 451 of Title 28 to include bankruptcy courts,[15] that amendment does

---

9. *See Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

10. 28 U.S.C. § 1930(a) & (b) (Supp.1980).

11. Effective July 1, 1980, this fee has been amended to provide that no debtor need pay the $60 fee for filing a complaint. This exclusion does not apply to a debtor in possession. Further, it does not apply to the cases before us now which deal with complaints filed before July 1, 1980, nor to complaints filed by an indigent creditor.

12. Section 1914(b) provides that "the clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b).

13. 28 U.S.C. § 1915(a).

14. Section 451 of title 28 states in part:

As used in this title:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of Claims, the Court of Customs and Patent Appeals, the Customs Court and any court created by Act of Congress the judges of which are entitled to hold office during good behavior. 28 U.S.C. § 451.

15. Section 213 of The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 213, 92 Stat. 2661 (1978) added to the definition of "court of the United States" contained in section 451 of Title 28 the following: "and bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years." This amendment does not become effective until April 1, 1984. *See* The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 402, 92 Stat. 2682 (1978).

not become effective until April 1, 1984. Therefore, until that date, we may not rely on section 1915(a) of Title 28 to permit the filing of adversary complaints *in forma pauperis* in proceedings under the Code.

However, we believe that the same constitutional arguments which compelled us to allow the filing of adversary complaints *in forma pauperis* under the Act compels us to do the same under the Code. The adversary complaints before us which were filed in proceedings under the Code all deal with property rights of the plaintiffs and, therefore, we conclude that it would be an unconstitutional denial of due process and equal protection of the laws to deny those parties access to this court simply because they are unable to pay the filing fees.