In re SARAH ALLEN HOME, INC., a Pennsylvania non–profit corporation, a/k/a Sarah Allen Nursing Home and Sarah Allen Home for the Aged, Bankrupt.

Lucy Hawks HAREWOOD et al., Plaintiffs,

v.

The SARAH ALLEN HOME FOR the AGED, INC., Samuel M. Brodsky, Trustee in Bankruptcy, Defendants.

Bankruptcy No. 79–1805EG.

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 16, 1980.

Suzanne Reilly, Penn Legal Assistance Office, Philadelphia, Pa., Linda M. Bernstein, Community Legal Services, Philadelphia, Pa., for plaintiffs.

Lewis A. Grafman, Busch & Schramm, Bala–Cynwyd, Pa., for defendant, The Sarah Allen Home For The Aged, Inc.

Charles M. Weisman, Wexler, Weisman, Maurer & Forman, P.C., Philadelphia, Pa., for trustee, Samuel M. Brodsky, defendant.

Samuel M. Brodsky, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the adversary proceeding at bench is whether, on motion of the defendant, we should require the attorneys for the 74 plaintiffs to produce warrants of attorney evidencing that they, in fact, represent each of the named plaintiffs. We conclude that the attorneys for the plaintiffs are not required to do so.

The facts of the instant case are as follows:[1] Sarah Allen Home, Inc. ("the bankrupt") filed a voluntary petition in bankruptcy under the Bankruptcy Act[2] on September 26, 1979. On February 19, 1980, an adversary complaint was filed by some seventy–four individuals against the bankrupt and its trustee, Samuel M. Brodsky ("the trustee").[3] On September 9, 1980, the trustee filed a motion for an order requiring the attorneys for the plaintiffs to file warrants of attorney. As a basis for that motion, the trustee asserted that, since many of the plaintiffs are aged and infirm and may lack the mental capacity to conduct their own affairs, there is a serious question as to the authority allegedly granted to the plaintiffs' attorneys to prosecute the case. The trustee further contends that, since he might be faced with duplicate lawsuits and claims if the plaintiffs' attorneys do not have such authority, we should require warrants of attorney from the plaintiffs' counsel. In response, the plaintiffs' attorneys assert that they have, in fact, been authorized by the plaintiffs to represent them in the adversary action as evidenced by certain documents signed by the plaintiffs and filed with us with respect to the *in forma pauperis* issue[4] and by the fact that they had represented many of these same plaintiffs in other matters relating to the closing of the bankrupt's business. The attorneys for the plaintiffs further contend that there is no requirement in the bankruptcy court for an attorney to produce a warrant of

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act *still* govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 403, 92 Stat. 2683 (1978).

3. The original complaint also named three individuals (the former directors of the bankrupt) as defendants. Pursuant to the agreement of the parties, we dismissed the complaint as to those defendants on November 19, 1980.

The seventy–four plaintiffs had also moved that we permit them to proceed with the instant adversary action *in forma pauperis*, which motion we granted in an opinion and order dated June 26, 1980. *In re Sarah Allen Homes, Inc.*, 4 B.R. 724 (Bkrtcy.E.D.Pa.1980).

4. *Id.* The documents filed were affidavits stating that the plaintiffs were unable to pay the filing fees.

attorney other than when an attorney–in–fact wishes to vote at a creditors' meeting.[5]

■ We conclude that, in the case before us, warrants of attorney are not required of the attorneys for the plaintiffs. Nothing in the Bankruptcy Act or Rules requires that such warrants be produced in an adversary action. Furthermore, in federal courts "the general rule is that an appearance by an attorney for a party creates a presumption that the attorney had authority to act on behalf of such party, and the burden of proving the contrary is upon those who challenge the attorney's authority.[6]

■ The trustee argues, however, that since Rule 17 of the Federal Rules of Civil Procedure provides that state law governs the capacity of a party to sue [7] we should look to Pennsylvania law on this issue. The provision of Pennsylvania law which the trustee cites provides that "the attorney for the plaintiff in every action, shall, if required, file his warrant of attorney in the office of the . . . clerk of the court in which such action" is pending.[8] We conclude that the section cited does not deal with a party's capacity to sue. The question of a plaintiff's capacity to sue deals with certain infirmaties of an individual which may prevent him from conducting a suit–it does not

deal with the authority of an attorney to represent his client in court. The trustee in this case is not asserting that the individual plaintiffs do not have the legal capacity to sue; he is asserting only that the plaintiffs' attorneys may not have the authority to represent them. These two issues are distinct and, therefore, Pennsylvania law dealing with warrants of attorney is not made applicable by Rule 17 which only states that state laws dealing with a party's capacity to sue are applicable in bankruptcy proceedings. Thus, the law which applied before the adoption of the Federal Rules of Civil Procedure and the Rules of Bankruptcy Procedure still governs. See In re Brashear, 275 F. 481, 485 (W.D.Pa.1921) (Pennsylvania law requiring warrants of attorney is not applicable to bankruptcy proceedings and the general rule of Federal courts that such warrants are not required is applicable).

■ Under the above general rule, the burden on the one challenging the authority of an attorney to represent the party whom he purports to represent is a heavy one.[9] We find that the trustee has failed to sustain that burden. The trustee has not offered any evidence to the effect that the

---

**5.** See Advisory Note to Rule 910 of the Rules of Bankruptcy Procedure; 13 Collier on Bankruptcy ¶ 910.05 (14th ed. 1978).

**6.** Child v. Beame, 412 F.Supp. 593, 594 n.2 (S.D.N.Y.1976) citing Osborn v. President, Directors and Company of Bank of United States, 22 U.S. 738, 6 L.Ed. 204 (1824); Danishch v. Guardian Life Ins., 151 F.Supp. 17 (S.D.N.Y. 1957); Powerlock Systems, Inc. v. Duo–Lok, Inc., 56 F.R.D. 50 (E.D.Wis.1972). See also, Grey v. First Nat'l Bank, 393 F.2d 371, 384 n. 17 (5th Cir.), cert. denied, 393 U.S. 961, 89 S.Ct. 398, 21 L.Ed.2d 374 (1968); Bethlehem Steel Corp. v. Devers, 389 F.2d 44 (4th Cir. 1968); Communist Party of U.S.A. v. Commissioner, 332 F.2d 325, 327–28 (D.C.Cir.1964); In re Eastern Supply Co., 170 F.Supp. 246 (W.D.Pa.), aff'd 267 F.2d 776 (3d Cir.) cert. denied, 361 U.S. 900, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959); In re Pearl Coal Co., 115 F.2d 158 (3d Cir. 1940); E. F. Hutton & Co. v. Brown, 305 F.Supp. 371, 387 (S.D.Tex.1969); Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 217 F.Supp. 255, 259 (W.D.Tex.1963), rev'd on other grounds, 332 F.2d 135 (5th Cir.), cert. denied,

379 U.S. 915, 85 S.Ct. 262, 13 L.Ed.2d 185 (1965).

**7.** Rule 717 of the Rules of Bankruptcy Procedure states that Rule 17 of the Federal Rules of Civil Procedure applies in adversary proceedings in bankruptcy. Rule 17 provides in relevant part:

> (b) Capacity to sue. . . . The capacity of an individual, other than one acting in a representative capacity, to sue . . . shall be determined by the laws of his domicile. . . . In all other cases capacity to sue . . . shall be determined by the law of the state in which the district court is held. . . . (c). . . . If an . . . incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem.

**8.** Pa.Stat.Ann. tit. 17, § 1632 (Purdon 1962). That section has been repealed as of June 27, 1978. However, it still continues as part of the Pennsylvania common law. See Judiciary Act Repealer Act, No. 1978‑53, § 3(b).

**9.** See cases cited in note 6 supra.

plaintiffs did not in fact authorize the attorneys who appeared before us to represent them. The trustee has only offered some general statement that, because of their age and ill health, the plaintiffs may have been unable to authorize the attorneys herein to represent them. We conclude that such general assertions are not enough to overcome the presumption that an attorney represents those for whom he enters an appearance in court.

Furthermore, the trustee's assertion that he might be subjected to duplicate litigation and claims is not enough to persuade us to require plaintiff's attorneys to file warrants of attorney in light of the fact that any award won by the plaintiffs in the instant adversary action will be distributed under our supervision. In light of the trustee's concern, we will require that the checks issued pursuant to any award in this matter will be made out to the named plaintiffs.[10]

---

10. Since the attorneys representing the plaintiffs herein are from Community Legal Services and presumably will not be receiving any contingency fee from any award to their clients, we will not require that their names be on the checks.