**In re Marlene Barbara Ann WEAKLAND and Alfred C. Weakland, Sr., Debtors.**

**Marlene Barbara Ann WEAKLAND and Alfred C. Weakland, Sr., Plaintiffs,**

v.

**AVCO FINANCIAL SERVICES, INC., Defendants.**

Bankruptcy No. 79–304.

Adversary No. A–80–17.

United States Bankruptcy Court,
D. Delaware.

March 31, 1980.

Barbara James, Community Legal Aid Society, Inc., Wilmington, Del., for Debtors.

MEMORANDUM OPINION

HELEN S. BALICK, Bankruptcy Judge.

Marlene Barbara Ann Weakland and Alfred C. Weakland, Sr., debtors in a Chapter 7 proceeding, have filed a motion to proceed *in forma pauperis* in an adversary proceeding to void a lien on their household goods and furniture. In support of their motion, the Weaklands have filed an affidavit. Both Mr. and Mrs. Weakland are presently unemployed. They are the parents of six-year-old twins. A third child is expected in May. Their only income, $312 a

month, is from "Aid to Families with Dependent Children". Their monthly expenses always equal or exceed their income. They have no assets which could be liquidated to pay the $15 filing fee.

In 1973 the Supreme Court in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626, by a 5 to 4 decision held that the then $50 filing fee could not be waived in a bankruptcy proceeding. At that time, there were no "adversary proceedings" within a bankruptcy case. Consequently, the question of waiver of filing fees in such proceedings was not before the Court.

The Commission on the Bankruptcy Laws of the United States in its Report, Appendix 2 Collier on Bankruptcy 11 (15th ed.) recommended that *Kras* be completely overruled:

(1) Indigent debtors be authorized to file *in forma pauperis* petitions in bankruptcy without payment of filing fees, and failure to pay the fee be eliminated as a ground for denying discharge.

Congress accepted only a portion of this recommendation. Failure to pay fees does not appear in § 727, Discharge, title 11 U.S.C., as a ground for denial of discharge as it did in § 14c(8) of the Bankruptcy Act of 1898, as amended. However, Congress in enacting § 246(a) of the Bankruptcy Reform Act of 1978 (28 U.S.C. § 1930(a)) continues the holding of *Kras* in that the filing fee requirement cannot be waived. This section states that notwithstanding § 1915 of title 28, filing fees shall be paid to commence a case and that an individual may pay such fees in installments. There is no mention as to the applicability or inapplicability of § 1915 in the other subsections of § 1930. It would appear that Congress intended the absolute requirement for payment of fees to apply only where specifically designated, that is in § 1930(a).

The filing fees in an adversary proceeding are either $15 or $60 depending upon whether the bankruptcy court has exclusive or concurrent jurisdiction. While *Kras* was partly rationalized on the assumption that $50, payable in installments, was not very onerous, the possibility of fees for several adversary proceedings in bankruptcy, not necessarily payable in installments, is a different matter. Additionally, in a case where there is concurrent jurisdiction with a district or state court, a debtor might proceed *in forma pauperis* in those courts but could not in a bankruptcy court. It would be unfair and irrational to treat the same case differently in different courts. Such treatment would force an indigent debtor to file in a court other than a bankruptcy court to obtain the benefit of waiver. This would defeat the Congressional intent to have all disputes relating to a bankruptcy case resolved in one court, the bankruptcy court.

For the reasons stated, an order permitting the debtors to file an adversary proceeding *in forma pauperis* has been entered this date.