**In re Dominick Joseph PALESTINO, Debtor.**

**Daibe Lou PALESTINO, Plaintiff,**

**v.**

**Dominick Joseph PALESTINO, Defendant.**

**Bankruptcy No. 80–59–BK–J–GP.**

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

June 26, 1980.

Sarah H. Bohr, Jacksonville, Fla., for plaintiff.

Edward P. Jackson, Jacksonville, Fla., for defendant.

## ORDER

GEORGE L. PROCTOR, Bankruptcy Judge.

■ This Court has considered plaintiff's Motion for Rehearing of the Order entered herein on the 6th day of June, 1980, denying her request to proceed *in forma pauperis* in an adversary proceeding to except debts from discharge. From the evidence presented, the Court grants plaintiff's motion and on rehearing finds that the primary basis for the initial denial of plaintiff's motion to proceed *in forma pauperis* was that the Judicial Conference of the United States had not chosen to waive the adversary filing fee for those unable to pay. However, upon rehearing, the Court finds that the fact that the Judicial Conference has not waived the adversary filing fee pursuant to its authority under 28 U.S.C. § 1930(b) is not controlling on the Court. The Judicial Conference of the United States does not have the sole power to determine whether adversary filing fees may be waived. This power is co-extensive with that of the United States Congress. Congress has exercised its authority to waive federal court filing fees by enacting 28 U.S.C. § 1915.[1]

The Judicial Conference has derived its power from Congress and its authority is limited by statute. 28 U.S.C. § 331. Nowhere is the right granted to the Conference to abrogate rights set forth in any part of the United States Code.

The power of the Conference in bankruptcy cases is further limited by its authority to act pursuant to 28 U.S.C. § 1914(b). 28 U.S.C. § 1930(b). Clearly, the Conference cannot nullify a statutorily created right in 28 U.S.C. § 1915 and eliminate *in forma pauperis* filings in Federal District Court. The Conference therefore should not have any greater power in the United States Bankruptcy Court and would exceed its authority by making an absolute decision that filing fees cannot be waived.

■ This Court further finds that 28 U.S.C. § 1915 applies in all bankruptcy proceedings except the filing of an original bankruptcy petition. While 28 U.S.C. § 1915, by its terms, appears to apply in all federal court proceedings, including bankruptcy, it is specifically made inapplicable to the original filing fee for a bankruptcy petition. 28 U.S.C. § 1930(a).

28 U.S.C. § 1930(b) makes no mention of the applicability or inapplicability of 28 U.S.C. § 1915. It appears that Congress intended the absolute requirement for payment of fees to apply on where specifically designated. *Weakland v. Avco Financial Services, Inc.,* 4 B.R. 114 at 115 (Bkrtcy., Del. 1980).

■ The wording of 28 U.S.C. § 1930 supports this construction. The starting point in every case involving construction of statutes is the language itself. *The Greyhound Corporation v. Mt. Hood Stages, Inc.,* 437 U.S. 322, 330, 98 S.Ct. 2370, 2375, 57 L.Ed.2d 239 (1978). There can be no more reliable an indication of legislative intent than the specific statutory words selected by Congress in delineating the powers conferred. *Ray Baille Trash Hauling, Inc. v. Kleppe,* 477 F.2d 696, 707 (5th Cir. 1973), *Cert. Denied,* 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 468.

■ Congress did not provide that the *in forma pauperis* statute is inapplicable to *all* provisions of 28 U.S.C. § 1930; only to 28 U.S.C. § 1930(a). If their intention had been otherwise, the statute would have so stated. As observed in *General Electric Co. v. Southern Construction Co.,* 383 F.2d 135, 138 (5th Cir. 1967), *Cert. Denied,* 390 U.S. 955, 88 S.Ct. 1049, 19 L.Ed.2d 1148, "where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute is significant to show a different intention existed."

---

1. Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

Cf. *Richerson v. Jones*, 551 F.2d 918, 928 (3rd Cir. 1977). Other United States Bankruptcy Courts have held that 28 U.S.C. § 1915 applies to all bankruptcy proceedings except the filing fee for an original bankruptcy petition. *Weakland v. Avco Financial Services, Inc.*, supra, at 2 and *Housing Authority of the Town of Wallingford v. Carpenter*, No. 205–5–79–0005, Slip Op. at 2 (U.S. Bankruptcy Court, Conn., Dec. 17, 1979).

The legislative history of the Bankruptcy Reform Act of 1978 also supports this construction of 28 U.S.C. § 1930. The Commission on the Bankruptcy Laws of the United States initially recommended that debtors be authorized to file bankruptcies *in forma pauperis* and that failure to pay fees be eliminated as a ground for denying discharge. *Report of the Commission on the Bankruptcy Laws of the United States*, H.R.Doc. No. 93–137, 93d. Cong., 1st Sess. (1973), reprinted in *Collier on Bankruptcy*, Appendix 2, at 11 (1979). The House Report also mentions *in forma pauperis* proceeding. In Appendix I the report listed the matters to be dealt with by the *Rules of Bankruptcy Procedure* or by local rules of court. Item number 314 on this list discusses "provisions for *in forma pauperis* proceedings." H.R.Rep. No. 595, 95th Cong., 1st Sess. (1977), reprinted in *Collier on Bankruptcy*, Appendix 2, at 307 (1979).

Congress only accepted a portion of the recommendation of the Commission on the Bankruptcy Laws of the United States regarding *in forma pauperis* proceedings. Failure to pay the filing fee is no longer a ground for denial of discharge as it was in the Bankruptcy Act of 1898, as amended, as recommended by the Commission. See 11 U.S.C. § 727. The fact that the House also considered a bankruptcy rule on *in forma pauperis* proceedings supports plaintiff's position that Congress did not intend to abolish all *in forma pauperis* proceedings in the United States Bankruptcy Court.

Finally, policy considerations now dictate that adversary proceedings be permitted *in forma pauperis*. In *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the United States Supreme Court held that the statutory requirement of payment of filing fees in bankruptcy cases as a condition precedent to obtaining discharge has a rational basis and does not violate indigent's right to equal protection of the laws. The Court rationalized its decision in part on the assumption that the $50.00 filing fee then in effect, payable in installments, was not very onerous. At that time, however, there were no adversary proceedings in a bankruptcy case. Under the present law, it is possible to have several adversary proceedings in bankruptcy cases, such as when debtors seek to avoid several non-possessory, non-purchase money liens on exempt household goods, pursuant to 11 U.S.C. § 522(f). The requirement of paying a $60.00 filing fee, not in installments, for each of these adversary proceedings presents quite a different situation than that which existed when *Kras* was decided. *Weakland v. Avco Financial Services, Inc.*, supra, at 115.

In addition, under the new law, there are cases where concurrent jurisdiction exists in a district or state court. A debtor could proceed *in forma pauperis* in these courts, but not in a bankruptcy court. As stated in *Weakland v. Avco Financial Services, Inc.*, supra, at 115:

It would be unfair and irrational to treat the same case differently in different courts. Such treatment would force an indigent debtor to file in a court other than bankruptcy court to obtain the benefit of waiver. This would defeat the Congressional intent to have all disputes relating to a bankruptcy resolved in one court, the bankruptcy court.

Based on the foregoing findings, it is, therefore,

ORDERED:

1. That plaintiff's Motion for Rehearing be, and the same hereby is, granted.

2. That plaintiff be, and the same hereby is, permitted to proceed in an adversary proceeding to except debts from discharge *in forma pauperis*.