**In re Rex R. MOORE, Debtor.**

**Bankruptcy No. BK–85–1813–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

May 17, 1988.

MEMORANDUM OF DECISION AND ORDER ON MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

RICHARD L. BOHANON,
Chief Judge.

This matter is before the court on the debtor's "Motion for Leave to Proceed In Forma Pauperis and Supporting Declaration (Pursuant to 28 U.S.C. 1915 and 28 U.S.C. 1746)." In February 1988, this court received correspondence from the debtor which was treated as a *pro se* motion to remove the trustee pursuant to 11 U.S.C. § 324. A hearing was held, the motion was denied, and the debtor timely filed a notice of appeal without tender of

the required filing or docketing fees. The debtor now requests leave to proceed with an appeal of that order under 28 U.S.C. § 158, *in forma pauperis.*

Bankruptcy Rule 8001 governs the manner of taking appeals from both final and interlocutory orders, judgments, and decrees of bankruptcy judges. Under Rule 8001(a) an appeal of a final order of a bankruptcy judge is taken by filing a notice of appeal within ten days of the entry of the order as provided by Bankruptcy Rule 8002. Rule 8001(a) provides that the notice must be accompanied by the prescribed fee and also states that failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court deems appropriate.

■ It, thus is apparent that any procedural defects which may exist in the appellant's prosecution of an appeal such as the form, service, content, or timeliness of motions, affidavits, designations, and other pleadings, outside of the filing of the notice of appeal itself, are matters reserved for consideration by the district court. While the bankruptcy court should, of course, make all reasonable efforts to ensure compliance with applicable rules, the decision to take appropriate action for any procedural non-compliance rests with the district court.

In *Parissi v. Telechron, Inc.,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), the Court ruled that a notice of appeal was timely despite the fact that the district court clerk declined to "file" the notice which had been received within the prescribed time but without the required filing fee, which was not paid until after the time for filing the notice had expired. The Court stated that "the Clerk's receipt of the notice of appeal within the 30–day period satisfied the requirements ... and untimely payment of the ... fee did not vitiate the validity of petitioner's notice of appeal." *Id.* at 47, 75 S.Ct. at 577.

The question of appeals *in forma pauperis* in bankruptcy cases appears to be one of first impression in this district. As stated previously, Bankruptcy Rule 8001 provides that the notice of appeal "shall ... be accompanied by the prescribed fee" while, at the same time, also provides that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal," but is ground only for action by the district court. Similar provisions are contained in subdivisions (a) and (e) of Rule 3 of the Federal Rules of Appellate Procedure. 28 U.S.C. § 158(c) provides that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."

■ Appellate Rule 24 prescribes procedures for appeals from the district court to a court of appeals *in forma pauperis.* Under subdivision (a), a party desiring to appeal *in forma pauperis* must file a motion with supporting affidavit for leave to so proceed in the district court. The district court then has the responsibility to rule on the motion and, if the motion is denied, state in writing the reasons for the denial. Applying the previously stated provisions of 28 U.S.C. § 158(c), it would appear that in an appeal from the bankruptcy court to the district court, such a motion should be first presented to the bankruptcy court for decision.

Having determined that the motion is properly before this court, the question which must now be considered is whether the requested relief can be granted. 28 U.S.C. § 1915 governs proceedings *in forma pauperis* and the debtor has met its requirements. Fees involving appeals from bankruptcy courts are prescribed by the Judicial Conference pursuant to 28 U.S.C. § 1930(b). In *In re Palestino,* 4 B.R. 721 (Bkrtcy.M.D.Fla.1980), the court was faced with a request to permit the commencement of an adversary proceeding *in forma pauperis.* In granting the request, the court said:

This court finds that 28 U.S.C. § 1915 applies in all bankruptcy proceedings except the filing of an original bankruptcy

petition. While 28 U.S.C. § 1915, by its terms, appears to apply in all federal court proceedings, including bankruptcy, it is specifically made inapplicable to the original filing fee for a bankruptcy petition. 28 U.S.C. § 1930(a).

28 U.S.C. § 1930(b) makes no mention of the applicability or inapplicability of 28 U.S.C. § 1915. It appears that Congress intended the absolute requirement for payment of fees to apply on[ly] where specifically designated. *Weakland v. Avco Financial Services, Inc.*, 4 Bankr. 114 at 115 (Bankr.Del.1980).

This court is in agreement with *Palestino* and therefore concludes that the debtor's motion ought to be granted.

Of final concern are matters regarding transmission of the record on appeal. Under Bankruptcy Rule 8007(a), the record may include a transcript of the proceedings if one has been designated by a party. Under Bankruptcy Rule 8007(b), the clerk of the bankruptcy court is to transmit the record to the clerk of the district court "[w]hen the record is complete for purposes of appeal." Under Rule B–10(a)(5) of the Local District Court Rule on Referral of Bankruptcy Cases the record is to be "transmitted forthwith upon the filing of the transcript."

The debtor has transmitted to this court a "Designation of the Record" which included "the record" of the hearing and further contained the statement, "It is the desire of the debtor that the entire proceedings of this matter be included in this transcript of the evidence." Bankruptcy Rule 8006 provides that where the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall immediately after filing the designation deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

28 U.S.C. § 1915 makes provision for payment by the United States of expenses for the preparation of transcripts only of proceedings before a United States Magistrate in specified cases. 28 U.S.C. § 753 also makes provision for the payment of transcript fees by the United States in certain specified cases. In addition, it makes a provision for furnishing transcripts to persons permitted to appeal *in forma pauperis* "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." In this case, the trial judge is not persuaded such certification is called for and there appears to be no further authority allowing this court to order the furnishing of a transcript at government expense.

The motion for leave to proceed *in forma pauperis* is therefore granted and the clerk is directed to transmit the record of these proceedings to the clerk of the district court as designated by the debtor, exclusive of transcript, without payment of fees by the debtor pending review by the district court.