**In re Don BRICKEY, Debtor.**

**Bankruptcy No. 690–62513–R11.**

United States Bankruptcy Court,
D. Oregon.

Sept. 28, 1990.

Don Brickey, Salem, Or., pro se.

Gavin W. Armstrong, Eugene, Or., for creditor, Otto Miller Family Trust.

MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the debtor's motion for leave to proceed in forma pauperis concerning his appeal presently pending before the Bankruptcy Appellate Panel of the Ninth Circuit.

BACKGROUND

Debtor filed his petition for relief herein under Chapter 11 of the Bankruptcy Code on July 10, 1990. On July 27, 1990, following a hearing, this court entered an order dismissing this case having found that it had been filed in bad faith and for improper purposes. The debtor filed a notice of appeal on August 3, 1990.

On August 7, 1990 debtor filed a motion for leave to proceed on appeal in forma pauperis. The motion is supported by debtor's affidavit in which he states that he is without sufficient funds to pay any form of bond, that he has less money in his checking account than shown in the bankruptcy schedules, that he has no savings account, savings certificates, bonds or securities and that he is a pauper. At least one of the appellees, the Otto Miller Family Trust, has objected to the debtor's motion.

By letter dated August 13, 1990, Kathleen Bartholomew, a Deputy Clerk of this court, transmitted debtor's motion for leave to proceed in forma pauperis to the Bankruptcy Appellate Panel for appropriate proceedings. By an order dated September 6, 1990 the Bankruptcy Appellate Panel of the Ninth Circuit has remanded debtor's motion to this court for a decision. The sole issue before this court is whether or not the debtor may proceed in forma pauperis concerning his appeal as described above.

DISCUSSION

28 U.S.C. § 1915(a) provides in pertinent part as follows:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefore, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1930 provides in pertinent part as follows:

(a) *Notwithstanding section 1915 of this title,* the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bank-

ruptcy court, if one has been certified pursuant to section 156(b) of this title the following fees: ... (emphasis added)

(c) Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or a writ of certiorari $5 shall be paid to the clerk of the court, by the appellant or petitioner.

Thus, it appears that Congress has created an exception to the general rule that a party without funds may proceed in forma pauperis without the payment of normal court fees and costs where bankruptcy is concerned. The validity of this congressional choice has been upheld. *See United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

### CONCLUSION

The debtor's motion to proceed in forma pauperis should be denied, an order consistent herewith shall be entered.