In re Luis R. MELENDEZ and Hilia M. Melendez, Debtors.

Nirza NIEVES, Plaintiff,

v.

Luis R. MELENDEZ and Hilia M. Melendez, Defendants.

Bankruptcy No. 92–53302.
Adv. No. 93–5003.

United States Bankruptcy Court, D. Connecticut.

April 14, 1993.

---

Alan Rosner, Connecticut Legal Services, Bridgeport, CT, for plaintiff.

## MEMORANDUM AND ORDER ON MOTION TO WAIVE FILING FEE FOR COMMENCING AN ADVERSARY PROCEEDING OR TO REFER MATTER TO THE DISTRICT COURT

ALAN H.W. SHIFF, Bankruptcy Judge.

### BACKGROUND

█ The plaintiff commenced this adversary proceeding to obtain a determination that her claim against the debtor is not dischargeable. She did not pay the $120.00 filing fee, *see* 28 U.S.C.A. § 1930(b) & Judicial Conference Schedule of Fees, § (6) and 28 U.S.C.A. § 1914(a) (West Supp.1992), but instead filed the instant motion for permission to proceed *in forma pauperis* pursuant to 28 U.S.C.A. § 1915(a) (West 1966) or for a referral to the district court. Since I lack authority to refer matters to the district court,[1] the issue here is whether I have authority to grant a motion to proceed *in forma pauperis*. For the reasons that follow I conclude that I have that authority.

### DISCUSSION

#### 1.

█ This adversary proceeding is not a nullity merely because a filing fee has not been paid. Its continued vitality, however, will expire if the fee is neither paid nor excused. Federal courts may waive filing fees in limited circumstances.

> Any *court of the United States* may authorize the commencement ... of any suit, action or proceeding ... without prepayment of fees and costs or security therefor, by a person who makes affida-

vit that he is unable to pay such costs or give security therefor.

28 U.S.C.A. 1915(a) (West 1966) (emphasis added). A court of the United States is defined by 28 U.S.C. § 451. The definition includes the district courts; it does not include the bankruptcy courts.

Whether I can enter an order on the plaintiff's motion turns on whether the motion is a proceeding that could be referred to me by the district court and that depends upon whether the absence of bankruptcy courts from the definition of a "court of the United States" in § 1915(a) creates an exception to the authority generally conferred upon bankruptcy judges by 28 U.S.C. §§ 151 and 157. Those sections provide in relevant part:

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding ... *except as otherwise provided by law or by rule or order of the district court....*

28 U.S.C.A. § 151 (West Supp.1992) (emphasis added).

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> (2) Core proceedings include, but are not limited to—
>
>> (A) matters concerning the administration of the estate; ...

1. The district court may refer cases and proceedings to bankruptcy judges, 28 U.S.C.A. § 157(a) (West Supp.1992), *see infra*, p. 387, for text, and may withdraw those cases and proceedings, 28 U.S.C.A. § 157(d) (West Supp. 1992).

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship....

28 U.S.C.A. § 157 (West Supp.1992).[2]

Section 151 contemplates that Congress may limit the authority of bankruptcy judges, and it has done so in several instances, most notably in § 157(b), (c) and (d), which establishes the core/non-core distinction, and authorizes and in some instances requires the district court to withdraw matters. Although § 1915(a) authorizes courts of the United States to waive filing fees, there is nothing in that section which suggests that it was intended to eliminate the authority of bankruptcy judges empowered by §§ 151 and 157.

■ Interpreting § 1915(a) as prohibiting bankruptcy judges from deciding *in forma pauperis* motions would create a conflict between that statute and the broad grant of referral authority in § 157(a). Further, it is well settled that statutes should be read to be in concert not conflict with other statutes so as to give full effect to each, unless there is a "clearly expressed congressional intention to the contrary." *Morton v. Mancari,* 417 U.S. 535,

551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974); *see In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715 (Bankr.D.Conn.1986), discussed *infra* at pp. 389–90. In *Perroton v. Gray (In re Perroton),* 958 F.2d 889, 894, 896 (9th Cir.1992), the court noted that the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), which enacted the present version of § 157(a), also blocked an amendment to § 451 which would have added bankruptcy courts to the definition of "court of the United States."[3] The *Perroton* court found that to be a "clear expression of congressional intent to exclude the bankruptcy court from those courts authorized to waive fees under § 1915(a)...." 958 F.2d at 896.

I decline to follow *Perroton.* BAFJA was the congressional response to the invalidation of the jurisdictional scheme effected by the Bankruptcy Reform Act of 1978 (the "Reform Act") by *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).[4] Under the Reform Act, bankruptcy courts were to be established as courts of record and were directly authorized to exercise jurisdiction over bankruptcy matters.[5] Adding the bank-

**2.** By Order dated September 21, 1984, the United States District Court for the District of Connecticut referred "all cases under Title 11, U.S.C., and all proceedings arising under Title 11, U.S.C., or arising in or related to a case under Title 11, U.S.C. ... to the Bankruptcy Judges for this District...." The plaintiff's motion arises in a Title 11 case.

**3.** Section 213 of the Bankruptcy Reform Act of 1978 (the "Reform Act"), Pub.L.No. 95–598, 92 Stat. 2549, 2661 (1978), amended § 451. Several Reform Act amendments to Title 28 of the United States Code, including the amendment to § 451, were to be effective on June 28, 1984. *See* Reform Act, § 402(b), 92 Stat. 2682, last amended by P.L.No. 98–325, § 1(a), 98 Stat. 268 (1984). BAFJA prevented all of those amendments from becoming effective. Pub.L.No. 98–353, § 113, 98 Stat. 333, 343 (1984).

**4.** *See* Statements on Conference Report for H.R. 5174, 130 Cong.Rec. S 8887–8900 (daily ed. June 29, 1984), *reprinted in* App. 4 Lawrence P. King, ed., Collier on Bankruptcy, pp. XX–43—XX–93 (15th ed.1991). *Marathon* held that certain state law claims could not be adjudicated by a non-Article III tribunal without consent of the litigants. *Marathon, supra,* 458 U.S. at 91–92,

102 S.Ct. at 2882. The *Marathon* plurality also expressed the opinion that certain matters involving "private rights" could not be adjudicated by Article I tribunals. *Id.* at 69, 102 S.Ct. at 2870; *see Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 54–55, 109 S.Ct. 2782, 2796–97, 106 L.Ed.2d 26 (1989). The waiver of filing fees imposed by federal statute involves neither a state law claim nor private rights.

**5.** The Reform Act provided that the bankruptcy courts "shall exercise all of the jurisdiction conferred by this section on the district courts," vested the bankruptcy court with exclusive jurisdiction over the debtor's property, and bestowed the "powers of a court of equity, law, and admiralty" on the bankruptcy courts. Reform Act, § 241(a), 92 Stat. 2668–69, 2671 (former 28 U.S.C. §§ 1471(c), (e), 1481, enacted on a transition basis as of October 1, 1979, with a final effective date of June 28, 1984; *see infra,* note 3; Reform Act, § 405(b), 92 Stat. 2685). Effective as of June 28, 1984, the Reform Act instituted the bankruptcy courts as "adjuncts" to the district courts and established the bankruptcy courts as "courts of record." Reform Act, § 201(a), 92 Stat. 2657 (former 28 U.S.C. § 151(a)). The *Marathon* plurality opined that

ruptcy courts to the definition of "court of the United States" was only a part of the jurisdictional scheme. To comply with *Marathon,* BAFJA eliminated the Reform Act provisions that related to the jurisdiction and status of the bankruptcy courts and granted bankruptcy jurisdiction to the district courts, 28 U.S.C. § 1334(a), (d).[6] Under the BAFJA scheme, the district courts are authorized to refer bankruptcy cases and proceedings to the bankruptcy judges, who are "judicial officers" and a "unit" of the district court, §§ 151, 157(a). *See United States v. Guariglia,* 962 F.2d 160, 163 (2d Cir.1992) (bankruptcy court's order is order of district court). Thus, the blocking of the amendment to § 451 does not demonstrate the narrow congressional intent perceived by the *Perroton* court. *See Ben Cooper, Inc. v. Insurance Co. of the State of Pennsylvania (In re Ben Cooper, Inc.),* 896 F.2d 1394, 1398 (2d Cir.), *vacated,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated,* 924 F.2d 36 (2d Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991) ("The statements of several influential legislators [with respect to BAFJA] ... indicate that bankruptcy jurisdiction was to be construed as broadly as possible within the constitutional constraints of *Marathon.*").

■ Rather than reading § 1915(a), by negative implication, to preclude the district court from referring this motion, that section must be construed so that it does

not prevent a referral that is within the scope of § 157(a).[7] *See Connecticut Nat'l Bank v. Germain,* — U.S. —, —, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (declining to read one statute as limiting another by negative implication where the statutes were not "positively repugnant"). Such an interpretation gives full effect to both § 1915(a) and § 157. *See Korhumel, Inc. v. Korhumel Indus., Inc. (Matter of Korhumel Indus., Inc.),* 103 B.R. 917, 920–21 (N.D.Ill.1989) (although 28 U.S.C. § 2201 grants power to render declaratory relief to "any court of the United States," bankruptcy court has this power by delegation from the district court pursuant to § 157(a)); 6 William L. Norton, Jr., Norton Bankruptcy Law and Practice, Editors' Comment to Rule 1006, at 27–29 (1992); *contra Perroton, supra,* 958 F.2d at 896.

A similar question was presented to this court in *In re Oceanquest Feeder Service, Inc., supra.* In that case, creditors filed a motion for a change of venue. Section 1412 of Title 28 provides

A district court may transfer a case or proceeding under title 11 to a district court for another district....

I concluded:

It appears then that Congress intended to grant the district courts the power to refer any or all bankruptcy matters to bankruptcy judges so that they may en-

---

"the 'adjunct' bankruptcy courts created by the Act exercise jurisdiction behind the facade of a grant to the district courts, and are exercising powers far greater than those lodged in the adjuncts" approved by Court precedent. *Marathon, supra,* 458 U.S. at 86, 102 S.Ct. at 2879.

**6.** Section 113 of BAFJA blocked not only the amendment to § 451, but all of the other Reform Act amendments to Title 28, United States Code, which were to take effect on June 28, 1984, including Reform Act §§ 201(a) and 241(a), establishing the bankruptcy courts as courts of record with direct jurisdictional authority. *See infra,* notes 3 and 5.

**7.** Some bankruptcy judges have adopted the following rationale to conclude that they have non-delegated authority to waive filing fees other than petition filing fees. Congress expressly provided that petition filing fees are to be charged "notwithstanding section 1915." 28

U.S.C.A. § 1930(a) (West Supp.1992). In contrast, Congress did not prohibit the waiver of filing fees for other proceedings promulgated under general authority granted to the Judicial Conference of the United States by § 1930(b). Therefore, bankruptcy judges can waive such fees. *In re Moore,* 86 B.R. 249, 250–251 (Bankr. W.D.Okl.1988) (waiving filing fee for notice of appeal); *Palestino v. Palestino (In re Palestino),* 4 B.R. 721, 723 (Bankr.M.D.Fla.1980) (waiving filing fee for adversary proceeding); *cf. Harewood v. Sarah Allen Home for the Aged, Inc. (In re Sarah Allen Home, Inc.),* 4 B.R. 724, 726–727 (Bankr.E.D.Pa.1980) (fee for adversary complaint can be waived, even though bankruptcy court is not a court of the United States, because of potential deprivation of due process and equal protection rights of plaintiff); *contra In re Perroton, supra,* 958 F.2d at 895. Because I conclude that I have authority to waive adversary proceeding filing fees by referral from the district court, I need not adopt that rationale.

ter appropriate orders in core proceedings....

It would limit the scope and frustrate the purpose of §§ 151 and 157 to conclude that a bankruptcy judge may not enter an appropriate order on a motion to change venue because § 151 only authorizes the exercise of that authority if other law does not limit it, and a literal reading of § 1412 compels that result. Section 1412 must therefore be read to give effect to the congressional intent to permit district courts to avoid the additional burden of hearing and deciding traditional bankruptcy matters and to utilize them instead as appellate tribunals for those core matters. Accordingly, having decided that a motion to change venue is a core proceeding, for the same policy reasons that permit a bankruptcy judge to hear those motions, I conclude that I may enter an appropriate order.

*Oceanquest, supra,* 56 B.R. at 719.

For the same reason, I conclude that the district court which, as a court of the United States, may waive a filing fee, may also refer a motion which requests such relief to a bankruptcy judge. "[C]ourts construe statutes in a way that accounts for the practical consequences of potential interpretations." *In re City of Bridgeport,* 129 B.R. 332, 338 (Bankr.D.Conn.1991). In enacting § 157, Congress intended to promote the expeditious administration of traditional bankruptcy matters by permitting the referral of such matters to bankruptcy judges. *Oceanquest, supra,* 56 B.R. at 718–719; *cf.* H.R.Rep. No. 595, 95th Cong., 1st Sess. 14 (1977); *reprinted in* U.S.Code Cong. & Admin.News 1978, p. 5963, at p. 5975. ("[T]he district courts are generally overburdened.... [T]he nature of bankruptcy is such that it, too, for practical reasons, requires expeditious disposition."). That purpose would be frustrated if the plaintiff were required to pursue this motion in the district court, whose crowded docket might well cause a substantial delay, which would interfere with the expeditious and efficient administration of this case.

■■■ The underlying adversary proceeding is a core matter in which the plaintiff challenges the dischargeability of a debt allegedly owed by the defendant-debtors. *See* § 157(b)(2)(I); *Brooks Fashion Stores, Inc. v. Michigan Employment Security Comm'n (In re Brooks Fashion Stores, Inc.),* 124 B.R. 436, 441 (Bankr. S.D.N.Y.1991) (post-confirmation complaint to determine if obligation was discharged arises only in bankruptcy context and will affect administration of estate, and thus is core). This chapter 7 case will not close until that proceeding is concluded, and that proceeding cannot continue until the question of whether the filing fee must be paid is resolved. 11 U.S.C.A. § 350(a) (West 1993). Thus, this motion is inextricably bound to the adversary proceeding, which in turn is integral to the administration of this case, i.e., the liquidation of estate assets and the adjustment of the debtor-creditor relationship. *See* § 157(b)(2)(A), (O); *In re Ben Cooper, Inc., supra,* 896 F.2d at 1400 (adjudication of post-petition contract claims is "an essential part of administering the estate" and is thus a core matter); *Treadway v. United Bank & Trust Co. (In re Treadway),* 117 B.R. 76, 84 (Bankr.D.Vt. 1990) ("[I]f adjudication of the cause of action is essential to the administration of the Bankruptcy Estate ... the Courts will determine it to be a core proceeding.") (citations omitted). I accordingly conclude that this motion is a core matter on which I may enter a dispositive order.

2.

■■■ The supporting affidavit indicates that Nieves is eligible to proceed *in forma pauperis.* She receives a monthly payment of $683 under the Aid to Families with Dependent Children program and $210 per month in food stamps, yet her modest monthly expenses slightly exceed her monthly income by several dollars. Furthermore, "[s]ection 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. Eastern State Hospital,* 701 F.2d 243, 244 (2d Cir.1983),

*citing Adkins v. E.I. DuPont de Nemours & Co. Inc.,* 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948).

## ORDER

For the foregoing reasons the plaintiff's motion to proceed *in forma pauperis* is granted; Nieves is permitted to prosecute this adversary proceeding without the payment of a filing fee; and IT IS SO ORDERED.