**In re Alfred Eugene McGINNIS, Sr., Debtor.**

**Joan McGINNIS, Plaintiff,**

v.

**Alfred Eugene McGINNIS, Sr., Defendant.**

**Bankruptcy No. 92–13583.**
**Adv. No. 93–1034.**

United States Bankruptcy Court, D. New Hampshire.

April 20, 1993.

Karen L. Rosenberg, NH Legal Assoc., Manchester, NH, for plaintiff.

Lawerence P. Sumski, Amherst, NH, for defendant.

Steven Darr, Thornton, NH, Trustee.

### MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

The matter for decision is whether this court has the authority to permit Plaintiff, an indigent creditor, to bring an adversary proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff seeks to file an adversary proceeding to contest the right of debtor, her ex-husband, to discharge his obligation under a divorce decree entered by the Hillsborough County Superior Court to make mortgage payments on their former home. However, because of her poverty, plaintiff is unable to pay the cost of filing an adversary proceeding. Plaintiff has no assets which could be liquidated to pay a filing fee. The mortgage on her home exceeds its fair market value. Plaintiff's only regular income consists of $200 a month in rent which she receives from a tenant.

The question of whether creditors may bring adversary proceedings *in forma pauperis* in bankruptcy cases appears to be one of first impression in this district. However, several bankruptcy courts have ruled that bankruptcy judges have the power to grant *in forma pauperis* petitions in all proceedings except the filing of the original bankruptcy petition. *See, e.g. In re Palestino,* 4 B.R. 721 (Bankr.M.D.Fla. 1980); *In re Weakland,* 4 B.R. 114 (Bankr. D.Del.1980); *In re Moore,* 86 B.R. 249

(Bankr.W.D.Okl.1988); *In re Shumate*, 91 B.R. 23 (Bankr.W.D.Va.1988); *In re Sarah Allen Home, Inc.*, 4 B.R. 724 (Bankr. E.D.Pa.1980).

These courts have relied on the general power of courts of the United States to grant waivers of fees for indigent persons under 28 U.S.C. § 1915. This statute provides, in relevant part, that any "court of the United States" may:

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor..

Section 1930(a) of 28 U.S.C. provides that the only limitation to the bankruptcy court's power to waive filing fees concerns the fee for debtors to commence a bankruptcy case. This statute provides, in relevant part, "notwithstanding section 1915 of this title, *parties commencing a case* under Title 11 shall pay ... filing fees." (emphasis added).

In contrast, section 1930(b), which concerns the assessment of additional fees for cases under Title 11, contains no reference to 28 U.S.C. § 1915 and does not contain any language suggesting that filing fees assessed under sub-section (b) would be non-waivable. Thus, as the court in *Palestino* held, "it appears that Congress intended the absolute requirement for the payment of fees to apply (only) where specifically designated". *Palestino*, 4 B.R. at 722. *See, also, In re Shumate*, 91 B.R. at 25; *In re Moore, supra; In re Weakland, supra*.

Some courts have held that the bankruptcy court does not have the power to waive filing fees. *See, e.g., Matter of Broady*, 96 B.R. 221 (Bankr.W.D.Mo.1988); *In re Brickley*, 119 B.R. 786 (Bankr.D.Or.1990); *In re Bauckey*, 82 B.R. 13 (Bankr.D.N.J. 1988); *In re Perroton*, 958 F.2d 889 (9th Cir.1992). These cases are based, in whole or in part, on *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

However, *Kras* should not be relied upon as binding precedent in this case. *Kras* was decided before Congress enacted 28 U.S.C. § 1930, which provides that the only bankruptcy fees which are non-waivable under 28 U.S.C. § 1915 are those for commencing a bankruptcy case. Indeed, several courts have held that Congress enacted § 1930 to clarify that the holding in *Kras* should be limited to debtors' filing fees to commence a case under title 11. *See, e.g., Palestino*, 4 B.R. at 722; *Weakland*, 4 B.R. at 115; *Moore*, 86 B.R. at 250–51.

Only one Circuit Court, the Ninth, has ruled on the issue of whether the bankruptcy court has the authority to grant motions to proceed *in forma pauperis. In re Perroton*, 958 F.2d 889 (9th Cir.1992). The *Perroton* court reasoned that because the bankruptcy court is not an Article III Court, it lacks the power, permitted to courts of the United States under 28 U.S.C. § 1915, to grant in forma pauperis status. *Id.* at 893. The *Perroton* court engaged in a lengthy discussion of the legislative history of 28 U.S.C. § 451, the statute which defines "courts of the United States." As part of the Bankruptcy Reform Act of 1978, congress initially included bankruptcy courts in this definition, but specifically removed bankruptcy courts from the definition of "courts of the United States" by amendment in 1984. The *Perroton* court viewed congress' amendment as evidence that Congress did not intend bankruptcy courts to have powers of courts of the United States, including the power to waive filing fees.

However, the *Perroton* court's analysis did not take into account the United States Supreme Court's decision of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Northern Pipeline*, the U.S. Supreme Court ruled that congress, in granting bankruptcy courts jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11," (28 U.S.C. § 1471(c) (1976 ed., Supp. IV)) had engaged in an unconstitutional delegation of judicial power to non-Article III courts. Congress therefore had felt it necessary to remove

bankruptcy courts from the definition of "courts of the United States" under Title 28.

■ However, Congress' subsequent amendment of 28 U.S.C. § 451 should not be interpreted to mean, as the *Perroton* court suggests, that Congress intended to strip the bankruptcy court of the power to enter appropriate orders in matters which are incidental to proceedings which are properly before the court. Indeed, despite holding the Bankruptcy Reform Act of 1978 to be an unconstitutional delegation of authority, the Court ruled that congress may provide that "persons seeking to vindicate (a statutory right) must do so before particularized tribunals created to perform the specialized adjudicative tasks related to that right." *Id.* at 83.

In its response to *Northern Pipeline,* Congress also enacted 28 U.S.C. § 157, the current statute under which the district court delegates authority to bankruptcy courts. Under 28 U.S.C. § 157(a), "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or *arising in* or related to a case under title 11 shall be referred to the bankruptcy judges for the district". (emphasis added). Section 157(b)(1) grants bankruptcy judges the authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, ... and ... *enter appropriate orders and judgments,* subject to review under section 158 of this title." (emphasis added). Thus, in delegating the authority to the bankruptcy court to hear title 11 cases, the district court also delegates its authority to entertain petitions and motions necessary to fully and fairly adjudicate these cases, including petitions to proceed *in forma pauperis* under 28 U.S.C. § 1930(b) or (c).[1]

Although no decision specifically holds that the delegation of authority provided by 28 U.S.C. § 157(a) includes the power to waive filing fees, there is analogous case law which supports such a conclusion. In *In re Korhumel,* 103 B.R. 917 (U.S.Dist. Ct., N.D.Ill1989), the District Court for the Northern District of Illinois considered whether the bankruptcy court had the power to issue declaratory judgments under 28 U.S.C. § 2201. Despite the court's finding that § 2201 only applied to "courts of the United States" under Article III of the United States Constitution, the court held that, under 28 U.S.C. § 157(a), "the district courts effectively delegate their power to hear certain declaratory judgment actions to the bankruptcy courts." *Id.* at 921.

Further, the court held that because the Bankruptcy Code contemplates such a delegation and provides for the entry of "appropriate orders and judgments" under 28 U.S.C. § 157(b)(1), that bankruptcy courts may issue declaratory judgments in adversary proceedings which are properly within their jurisdiction." *Id.* at 921. *See also, In re Mill–Craft Bldg. Systems, Inc.,* 57 B.R. 531 (Bankr.E.D.Wis.1986) (Under 28 U.S.C. § 157, bankruptcy court had authority to enter final order remanding mortgage foreclosure action to state court because bankruptcy court constituted a "unit of the district court" under 28 U.S.C. § 151); *In re*

---

1. The whole discussion of "what an Article I court can or can not do" is somewhat misleading in that the *only* court which has received a grant of jurisdiction in bankruptcy cases under the present statutes is the Article III district court. 28 U.S.C. § 1334. In a flight of metaphysical creativeness, prompted no doubt by a maximum effort to work around the *Northern Pipeline* decision, Congress has proclaimed that the bankruptcy judges of a district court shall "constitute a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 151. The statute further provides that each bankruptcy judge "as a judicial officer of the district court" may exercise authority conferred by a discretionary referral order from the district judge under certain restrictions and procedures. 28 U.S.C. § 157. One will search in vain in the statutes for the conferring of bankruptcy jurisdiction on any distinct entity comprising an Article I court. I may "be known as" a bankruptcy court but that doesn't mean that there actually is some separate jurisprudential entity involved—anymore than Congress can make a "pink rock-candy mountain" actually exist just by saying so. Cf. *Beiger v. IRS,* 496 U.S. 53, 70, 110 S.Ct. 2258, 2269, 110 L.Ed.2d 46 (1990) (Scalia, J., concurring). I am, and remain, a humble servant and officer of an Article III court, although by custom and practice I make bold to refer to myself as "this Court" or "the Court" from time to time.

*Amatex Corp.*, 107 B.R. 856 (E.D.Pa.1989), affirmed 908 F.2d 961 (3rd Cir.1990) (under 28 U.S.C. §§ 151 and 157, bankruptcy court has authority to enter declaratory judgments in core proceedings); *In re Ocean-quest Feeder Service, Inc.*, 56 B.R. 715 (Bankr.D.Conn.1986) (28 U.S.C. § 157(a) expands scope of 28 U.S.C. § 1412 to permit bankruptcy judge to hear and issue an appropriate order on motion to change venue.)

In the case at bar, the subject matter of Plaintiff's adversary proceeding is clearly within the jurisdiction of the bankruptcy court as delegated under 28 U.S.C. § 157(a). The question of whether Plaintiff should be permitted to file her adversary proceeding *in forma pauperis* is incidental to her adversary proceeding. This court therefore has the authority under 11 U.S.C. § 157(b) to enter an "appropriate order" concerning Plaintiff's motion to proceed *in forma pauperis*.

For the foregoing reasons, it is hereby ORDERED that plaintiff is permitted to proceed *in forma pauperis*.

DONE and ORDERED.