NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 3, 2007
Decided September 20, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2174

In re LINDA PRUE RICHMOND,
　　　　　　*Debtor-Appellee,*

　　Appeal of :

DEBORAH COUNTRYMAN.
.

Appeal from the United States
District Court for the Northern
District of Indiana, South Bend
Division.

No. 05 C 496

Robert L. Miller, Jr.,
*Chief Judge.*

## O R D E R

The only issue in this case is whether, under a since-amended version of the United States Bankruptcy Code, a bankruptcy judge may authorize a creditor to bring an adversary proceeding in an ongoing bankruptcy action *in forma pauperis.* We conclude that the bankruptcy court in this case had the authority to waive creditor Joan Countryman's filing fee, and we remand for further proceedings.

## I.  BACKGROUND

An automobile accident left Joan Countryman disabled with a form of quadriplegia, and her only source of income is the $564 she receives each month in Social Security Income Disability benefits.  Ms. Countryman is also the mother of a minor child who receives no monetary support from her father.

This case arose after Linda Prue filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code.  Ms. Countryman received notice of the bankruptcy petition and subsequently commenced an adversary proceeding in the United States Bankruptcy Court for the Northern District of Indiana.  She asserted an interest in certain property and sought a declaration that her claim against Ms. Prue was not dischargeable.

Along with her complaint, Ms. Countryman filed a motion to proceed *in forma pauperis*.  The bankruptcy court concluded that it lacked the authority to waive the filing fee.  When Ms. Countryman did not pay the fee, her complaint was dismissed.  Ms. Countryman then appealed to the district court, which agreed that the bankruptcy court lacked the authority to waive the filing fee.  Ms. Countryman appeals again.  We have the benefit of a brief only from Ms. Countryman.


## II.  ANALYSIS

The issue we are called upon to decide today is unlikely to recur before us often, if at all.  The only question in this case is whether, under an earlier version of the Bankruptcy Code, a creditor may bring an adversary proceeding *in forma pauperis* in a pending bankruptcy proceeding.

We begin with section 1930 of the United States Bankruptcy Code.  This section provides, in part:

(a)     Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk the following fees . . .

(b)     The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.

28 U.S.C. § 1930.  The Judicial Conference has prescribed that creditors seeking to commence adversary proceedings, such as Ms. Countryman, must pay a fee (at the time Ms. Countryman filed her motion, the fee was $150).  An amendment to the Code passed in May 2005 added a new provision to section 1930.  The new provision, section 1930(f), provides: "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors."  28 U.S.C. § 1930(f) (Pub. L. N. 109-8, § 418).  Under current law, then, the bankruptcy and

district courts clearly have the authority to allow creditors to proceed *in forma pauperis.*

In this case, however, the bankruptcy court denied Ms. Countryman's request to proceed with her adversary proceeding *in forma pauperis* on July 18, 2005. Although passed in May of 2005, section 1930(f) did not take effect until October 17, 2005, nearly three months after the bankruptcy court denied Ms. Countryman's request. As a result, the new amendment does not control here, and we must decide whether the bankruptcy court had the authority to waive Ms. Countryman's fee under the Code as it existed on the date of the bankruptcy court's ruling.

The general authority to proceed *in forma pauperis* is set forth in 28 U.S.C. § 1915(a)(1):

> any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fee or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor.

Therefore, if a bankruptcy court is a "court of the United States," a bankruptcy judge could authorize a creditor to proceed without paying a filing fee. For purposes of Title 28, the United States Code provides that a "court of the United States" includes "the Supreme Court of the United States, court of appeals, district courts constituted under chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. Notably, bankruptcy courts are not listed in section 451. Moreover, we have noted, bankruptcy judges, who serve only fixed terms, do not "hold office during good behavior." *See Matter of Volpert,* 110 F.3d 494, 498 (7th Cir. 1997). And "because the 'good behavior' language contained in § 451 mirrors that contained in Article III, it is reasonable to infer that the phrase 'court[s] of the United States' denotes Article III courts whose judges have life tenure and may only be removed by impeachment." *Id.* Although we have recognized that a bankruptcy court is not a "court of the United States" within the strict meaning of section 451, we have declined to decide whether a bankruptcy court may nonetheless exercise the authority of a "court of the United States" for the purposes of section 1915(a). *Id.* at 500; *cf. In re Perroton,* 958 F.2d 889, 896 (9th Cir. 1992) (concluding that a bankruptcy court is not a "court of the United States" for the purposes of section 1915(a)).

As we did in *Volpert,* we will leave for another day the resolution of whether a bankruptcy court has the authority to act as a "court of the United States" under section 1915(a), as we conclude that the bankruptcy court here nonetheless had the authority to allow Ms. Countryman to proceed without prepayment of the filing fee. At the outset, we note that this case involves a request from a creditor seeking to

commence an adversary proceeding in a pending bankruptcy case, not a motion from a debtor to waive the debtor's fee for commencing the action.

The constitutional implications of declining to waive a filing fee for an indigent creditor and debtor may differ. Under an even earlier version of the bankruptcy statute, the Supreme Court concluded that the right to a discharge in bankruptcy is not a fundamental right under the United States Constitution. *United States v. Kras*, 409 U.S. 434, 440 (1973). With respect to creditors like Ms. Countryman, however, at least two bankruptcy courts have concluded that an indigent person has a constitutional right to file an adversary bankruptcy proceeding *in forma pauperis*. *Tripati v. United States Bankruptcy Court for E.D. Tex.*, 180 B.R. 160, 163 (Bankr. E.D. Tex. 1995); *In re Sarah Allen Home, Inc.*, 4 B.R. 724, 725-26 (Bankr. Pa. 1980) ("[T]o deny an indigent person the right to come before this court to protect his property simply because he cannot afford to pay the filing fees is an unconstitutional deprivation of due process, as well as a denial of equal protection of the laws."); *see also Perroton*, 958 F.2d at 892 n.6 (emphasizing that unlike the request from the debtor in the case before it, *Sarah Allen* considered whether "an indigent *creditor* who brings an *adversary complaint* could proceed *in forma pauperis*").

We do not take lightly the potential constitutional implications of a conclusion that an indigent creditor could not proceed *in forma pauperis* in an adversary proceeding. Ms. Countryman did not raise a constitutional argument to us, however. More importantly, we can decide this case on nonconstitutional grounds, and it is on that road that we will proceed. *See Gomez v. United States*, 490 U.S. 858, 864 (1989) (a court should "avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question").

No provision in the relevant Code explicitly states whether a bankruptcy judge may allow a creditor to proceed without prepaying a fee.[1] We turn, then, to

---

[1]Several courts have read section 1930(a)'s directive that "Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk the following fees . . ." as precluding a bankruptcy court from waiving a filing fee for a *debtor* who files an original bankruptcy petition, but not for a creditor whose fees are prescribed pursuant to section 1930(b). *See In re Palestino*, 4 B.R. 721 (Bankr. M.D. Fla. 1980); *In re Moore*, 86 B.R. 249, 251 (Bankr. W.D. Okla. 1988) (agreeing with *Palestino*). These courts have reasoned that the absence of "[n]otwithstanding section 1915" in section 1930(b) allows a bankruptcy court to waive a creditor's filing fee.

But not all courts have concluded that bankruptcy courts may allow creditors

the general authority conferred upon bankruptcy courts set forth in 28 U.S.C. §§ 151 and 157. Section 151 provides:

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding . . . except as otherwise provided by law or by rule or order of the district court . . . .

Section 157 states that bankruptcy judges may hear and determine "all cases arising under title 11 and all core proceedings arising under title 11" and may "enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). "Core proceedings" include:

> (A) matters concerning the administration of the estate, and . . .

> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims

28 U.S.C. § 157(b)(2). Here, the underlying adversary proceeding is a core matter in which the plaintiffs challenges the dischargeability of a debt allegedly owed by the debtor.

A district court, as a "court of the United States," clearly could waive a filing fee in an adversary proceeding. *See* 28 U.S.C. §§ 1915(a), 451. Section 157(a) allows a district court to provide that any cases under title 11 or related to cases under title 11 must be referred to the district's bankruptcy court. Consistent with this section, the United States District Court for the Northern District of Indiana has, by its Local Rule 200.1, provided that all cases and proceedings arising under title 11 or related to cases are title 11 are referred to the bankruptcy judges. The Rule further states that it "is the intention of this court that the bankruptcy judges be given the broadest possible authority to administer cases within their jurisdiction, and this rule shall be interpreted to achieve this end."

We conclude that when the district court, which could waive a creditor's filing fee, delegated its authority to hear title 11 cases, included in its delegation of

---

to proceed *in forma pauperis*. *See In re Harris,* 156 B.R. 814, 815 (Bankr. E.D. Mo. 1993); *cf. In re Perroton,* 958 F.2d at 896 (concluding bankruptcy court could not allow debtor to proceed without prepayment of filing fee and stating that conclusion that bankruptcy court is not a "court of the United States" for purposes of section 451 would override absence of "[n]othwithstanding section 1915" in sections 1930(b) and (c)); *In re Buck*, 157 B.R. 247 (Bankr. W.D. Pa. 1993) (same).

broad authority to administer cases was the ability to resolve *in forma pauperis* motions from creditors. Several bankruptcy courts have already reached this conclusion in their respective jurisdictions. *See In re Melendez*, 153 B.R. 386, 387-90 (Bankr. D. Conn. 1993); *In re McGinnis*, 155 B.R. 294, 297 (Bankr. D. N.H. 1993); *In re Brooks*, 175 B.R. 409, 412-13 (Bankr. S.D. Ala. 1994); *see also Matter of Korhumel Industries, Inc.*, 103 B.R. 917, 921 (N.D. Ill. 1989) (concluding that although a bankruptcy court is not a "court of the United States," through referral order, district court effectively delegated to the bankruptcy court its power to hear certain declaratory judgment actions). *But see Perroton*, 958 F.2d at 896 (stating that section 157(a) did not give bankruptcy court authority to waive debtor's filing fee). This result is consistent with the authority contemplated in the Code, as it states that bankruptcy courts may enter "appropriate orders and judgments," *see* 28 U.S.C. § 157(b)(1), during the resolution of a title 11 proceeding. The resolution of a creditor's motion to proceed without prepayment of a filing fee, we conclude, is consistent with the bankruptcy court's authority to administer cases and to enter the orders necessary to allow it to do so. As the bankruptcy court in *In re Brooks* explained:

> Sections 157 and 451 are not repugnant or conflicting; they are in harmony. Section 151 establishes that bankruptcy courts have authority through the district courts. Section 157(b)(1) authorizes bankruptcy judges to "enter appropriate orders and judgments" in core matters. . . . Entry of orders ancillary to [a core matter] is appropriate. . . . The district court still retains review rights over the bankruptcy court decisions as to [*in forma pauperis*] issues as required by 28 U.S.C. 157.

175 B.R. at 412-13.

This result comports with practical considerations as well. Congress sought to promote efficient resolution of bankruptcy proceedings when it allowed the referral of such matters to bankruptcy judges. *See Melendez*, 153 B.R. at 390. To require a creditor to seek leave from the district court to proceed without prepaying a fee would shift part of a case from one judge to another, interrupt an ongoing proceeding, and break a single bankruptcy proceeding among courts. *Cf. Matter of Grabill*, 967 F.2d 1152, 1159 (7th Cir. 1992) (Posner, J., dissenting); *see also Weakland v. Avco Financial Services, Inc*, 4 B.R. 114, 115 (Bankr. Del. 1980) ("'It would be unfair and irrational to treat the same case differently in different courts. Such treatment would force an indigent debtor to file in a court other than bankruptcy court to obtain the benefit of waiver. This would defeat the Congressional intent to have all disputes relating to a bankruptcy resolved in one court, the bankruptcy court.'").

Of course, it does not follow that a bankruptcy court, even though a unit of the district court, has all the powers of a district court. *See Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916-17 (7th Cir. 2001) (noting that although a district court may

hold a party in criminal contempt, it is unclear whether bankruptcy judges have criminal contempt power); *Grabill*, 967 F.2d at 1157 (concluding bankruptcy courts did not have statutory authority to conduct jury trials in core proceedings). Ours is a narrow issue. We conclude only that under the version of the Bankruptcy Code in effect on July 18, 2005, the bankruptcy judge had the authority to grant Ms. Countryman's request to proceed *in forma pauperis*. We remand this matter so that the bankruptcy court may decide whether to do so.

## III. CONCLUSION

The judgment of the district court is reversed, and this case is remanded for further proceedings.